UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALICE W. HOLT,
ROBERT ROYERS,
and TRISH'S ALL BREEDS PET GROOMING,

 Plaintiffs,

v.          Case No. 8:24-cv-00465-KKM-SPF

HILLSBOROUGH COUNTY, FLORIDA,

 Defendant.
_____

**ORDER**

Alice Holt, Robert Royers, and Trish's All Breeds Pet Grooming sue Hillsborough County for the unlawful seizure of around 350 dogs and the malicious prosecution of Holt. (Doc. 1-2). The County moves to dismiss the amended complaint and argues that Plaintiffs fail to state a claim. Because Plaintiffs fail to plead the elements of municipal liability, the motion is granted.

## I. BACKGROUND

Since 2012, Holt and Royers have operated Trish's All Breeds Pet Grooming, a business that "breed[s] and raise[s] dogs for purchase by the public." (Doc. 1-2) ¶¶ 1–3, 8–9. Royers owns Trish's, and Holt served as operating manager. (Doc. 1-2) ¶¶ 12–14.

Over the years the business's "inventory of dogs . . . grew gradually," and by September 2019 Trish's owned roughly 350 dogs; 200 were puppies. (Doc. 1-2) ¶ 11. "In August and September 2019, the Hillsborough County Animal Control Division conducted an investigation of [Trish's], allegedly based on complaints from the public that the dogs suffered from abuse and neglect" and "were exposed to poor living conditions." (Doc. 1-2) ¶ 15. Plaintiffs allege that the complaints were false. (Doc. 1-2) ¶ 16.

Eventually, Animal Control "sought and obtained a judicial order permitting the seizure of all of [Trish's] dogs." (Doc. 1-2) ¶ 17. Plaintiffs contend that Animal Control "obtained the order without any evidence to support its allegations" that dogs were "abused and neglect[ed]." (Doc. 1-2) ¶ 17. On September 23, 2019, Animal Control "executed a judicially issued search warrant" and "permanently" seized the animals. (Doc. 1-2) ¶¶ 18–19. Based on Animal Control's investigation, "Holt was criminally investigated, and ultimately criminally prosecuted." (Doc. 1-2) ¶ 20.

Holt, Royers, and Trish's sued the County in state court, and the County removed based on federal question jurisdiction. (Doc. 1).

## II.   LEGAL STANDARDS

### A. Rule 12(b)(6) Motions to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering the motion, a court must accept the complaint's factual allegations "as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). I limit my "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 544.

## III.   ANALYSIS

"Although the Supreme Court has held that counties (and other local government entities) are 'persons' within the scope of [42 U.S.C. § 1983], and subject to liability, [Plaintiffs] cannot rely upon the theory of *respondeat superior* to hold the County liable." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (footnote omitted). "Instead, to impose § 1983 liability on a municipality, [Plaintiffs] must show: (1) that [their] constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell*, 392 F.3d at 1289.

The amended complaint contains two counts. Count I alleges that the County unlawfully seized Plaintiffs' property, "namely the dogs, . . . without cause."[1] (Doc. 1-2) ¶ 23. Count II alleges that the County maliciously prosecuted Holt "in violation of the Fourth and Fourteenth Amendments." (Doc. 1-2) ¶ 26. Assuming either count states a constitutional violation (a proposition that the County strenuously disputes) neither "identif[ies] a municipal policy or custom that [allegedly] caused [Plaintiffs'] injury." *McDowell*, 392 F.3d at 1290 (quotations omitted). That failure alone warrants dismissal.

---

[1] Plaintiffs' underlying legal theory in Count I is unclear. *See* (Doc. 29) at 3 n.3 (explaining the County's confusion as to whether Plaintiffs intend to assert a claim under the Fourth Amendment Search and Seizure Clause or the Fifth Amendment). On the one hand, context and the phrase "without cause" suggest that Count I arises under the Fourth Amendment. On the other hand, this the amended complaint alleges the confiscation of personal property and refers to the Fifth Amendment directly. When crafting their amended pleading, Plaintiffs should resolve this confusion.

## IV.   CONCLUSION

Accordingly, the County's motion to dismiss (Doc. 29) is **GRANTED** and the amended complaint (Doc. 1-2) is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs are granted leave to file a second amended complaint by **September 30, 2024**. Plaintiffs must ensure that any amended pleading clarifies the legal theory or theories underlying Count I, separating distinct legal theories (that is, distinct legal claims to relief) into distinct counts if necessary. FED. R. CIV. P. 10(b); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). In light of this order, the County's motion to stay discovery (Doc. 37) is **DENIED WITHOUT PREJUDICE**.

**ORDERED** in Tampa, Florida, on September 9, 2024.

*/s/ Steven D. Merryday*
**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**[*]

---

[*] Signed by Judge Steven D. Merryday to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.