UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALICE HOLT, ROBERT ROYERS,
and TRISH'S ALL BREED GROOMING,

    Plaintiffs,

v.                                      Case No. 8:24-cv-00465-KKM-SPF

HILLSBOROUGH COUNTY, FLORIDA,

    Defendant.
_____

## ORDER

Alice Holt sues Hillsborough County for the unreasonable search and seizure of about 350 dogs, negligence, and defamation. Fourth Am. Compl. (Doc. 48). Hillsborough County moves to dismiss. Mot. to Dismiss (MTD) (Doc. 54). Holt does not respond in opposition. For the below reasons, I grant Hillsborough County's motion.

## I. BACKGROUND

Since 2012, Holt has operated an All-Breed Pet Grooming business. Fourth Am. Compl. ¶ 7. On September 23, 2019, Hillsborough County's Animal Control Unit executed a search warrant, seized Holt's 350 dogs, and subsequently sold them. *Id.* ¶ 10. Holt and two others sued the County in state court for unlawful seizure of property, among

other things, and the County removed based on federal question jurisdiction. (Doc. 1); Am. Compl. (Doc. 1-2). The Court dismissed the amended complaint without prejudice because the plaintiffs failed to identify a Hillsborough County "custom or policy that constituted deliberate indifference" to the plaintiff's constitutional rights and "caused the violation" of the plaintiffs' constitutional rights. Order on Mot. to Dismiss (Order) (Doc. 40) at 4 (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)).

The order provided the plaintiffs with leave to amend. Only one plaintiff, Holt, through counsel, filed an amended complaint, this time with a single state-law negligence claim. Second Am. Compl. (Doc. 43). I ordered Holt to file a brief explaining why the Court "has jurisdiction over a state-law cause of action when, from the face of the complaint, it appears that diversity of citizenship is lacking." (Doc. 44).

Rather than file a brief, Holt field an amended complaint without leave. Third Am. Compl. (Doc. 45). In the third amended complaint, Holt pleaded a § 1983 claim, alleging the violation of her right to be free from unreasonable search and seizures. *Id.* ¶ 4. Holt also included, in the same count as the § 1983 claim, negligence and defamation claims. *Id.* at 2–7. Given that Holt failed to separate her claims into different counts, the third amended complaint was a shotgun pleading. *See* (Doc. 47). I therefore dismissed the third amended complaint and provided Holt with one last opportunity to remedy the deficiencies that existed in each of her complaints. *See id.* at 5. Holt, through counsel, subsequently

filed a fourth amended complaint—separating the three claims into different counts. Fourth Am. Compl.[1] Holt contends that: (1) Hillsborough County's search of her kennel "was unreasonable" and in violation of the Fourth Amendment because Hillsborough County did not have probable cause to obtain a search warrant (Count One); (2) Hillsborough County breached a duty owed to Holt "when it provided incorrect information for a search warrant to a judicial officer" (Count Two); and (3) Hillsborough County made false statements to the news media "about [Holt's] unfair treatment/ abuse of dogs" (Count Three). *Id.* ¶¶ 16–36. Holt seeks compensatory damages. *Id.* at 9. Hillsborough County moves to dismiss the fourth amended complaint in its entirety. MTD.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that

---

[1] Although Holt separated her claims into different counts, "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). Accordingly, Holt's complaint remains a shotgun pleading, providing yet another basis for dismissal. *See id.*

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, courts accept the complaint's factual allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. 544.

## III.   ANALYSIS

Hillsborough County argues that Count One must be dismissed because: (1) Holt again fails to allege § 1983 liability against the County; (2) Holt fails to state a claim under the Fourth Amendment; and (3) Holt's claim is barred by the *Heck* doctrine.[2] MTD at 6–

---

[2] In state criminal court, Holt pleaded nolo contendere to six counts of unlawful confinement or abandonment of an animal. *See* Def.'s Ex. B (Doc. 54); Def.'s Ex. C (Doc. 54). Under *Heck v. Humphrey*,

4

11. Hillsborough County argues that Counts Two and Three—which allege negligence and defamation—must be dismissed because Holt failed to comply with a pre-suit notice requirement imposed by § 768.28(6)(a), Florida Statutes, and because Holt fails to state a claim for either tort. *Id.* at 12–17. Holt does not respond, meaning Hillsborough County's request for relief is treated as unopposed. *See* Local Rule 3.01(c). I agree with Hillsborough County that all of Holt's claims must be dismissed with prejudice.

### A. Holt Fails to Identify a Policy that Constituted Deliberate Indifference to her Fourth Amendment Rights and Caused the Alleged Violation

To impose § 1983 liability on Hillsborough County, Holt must show "(1) that [her] constitutional rights were violated; (2) that [Hillsborough County] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell*, 392 F.3d at 1289. Since the inception of this litigation, Holt has failed to identify any such custom or policy of Hillsborough County. *See* (Doc. 40) at 3–4 (granting Hillsborough County's motion to dismiss the amended complaint because the plaintiffs failed to identify "a municipal policy or custom that [allegedly] caused [the plaintiffs'] injury" (first alteration in the original) (quoting *McDowell*, 392 F.3d at 1290)); (Doc. 47) at 4–5 (noting that Holt pleaded in the third

---

"in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477, 486–87 (1994) (footnote omitted).

5

amended complaint "a § 1983 claim with the same deficiencies identified in the Court's order dismissing the amended complaint").

The fourth amended complaint is no different. As Hillsborough County notes, "the only mention of a County policy is [Holt's] reference to the County's animal welfare ordinance requiring [that] 'any person owning, caring for, harboring, or keeping an animal must treat the animal humanely at all times.'" MTD at 7 (quoting Fourth Am. Compl. ¶ 9)). This alleged policy does not condone "deliberate indifference" to Holt's Fourth Amendment rights nor could it have caused the alleged violation in the constitutional sense. *McDowell*, 392 F.3d at 1289. As a result, Holt again fails to state a § 1983 claim against Hillsborough County.[3] Count One is dismissed with prejudice.

### B. Counts Two and Three are Dismissed With Prejudice

Holt's state law claims fail for at least two reasons. First, she fails to state a claim for negligence and defamation. Second, even assuming that she states claims, Holt failed to comply with a presuit requirement under § 768.28(6)(a), which is a condition precedent under Florida law to suing a county in tort.

To state a claim for negligence, a plaintiff must plead "duty, breach, causation, and damages." *Miller ex rel. Miller v. Foster*, 686 So. 2d 783, 783 (Fla. 4th DCA 1997). Holt's claim fails at the first element. A plaintiff suing a governmental entity for negligence must

---

[3] Because of this conclusion, I need not reach Hillsborough County's other arguments with respect to Count One.

"allege and prove that the defendant breached a common-law or statutory tort duty owed to the plaintiff individually and not a tort duty owed to the public generally." *Holodak v. Lockwood*, 726 So. 2d 815, 816 (Fla. 4th DCA 1999) (per curiam); *see Henderson v. Bowden*, 737 So. 2d 532, 535 (Fla. 1999) ("[T]here can be no governmental liability unless a common law or statutory duty of care existed that would have been applicable to an individual under similar circumstances."). Holt alleges that Hillsborough County "had a duty to provide the Court with correct information when applying for a search warrant from the judge and to [p]rotect the [p]laintiff from unreasonable search and seizures." Fourth Am. Compl. ¶ 27. This duty was breached, she alleges, when the defendant "provided incorrect information for a search warrant to a judicial officer." *Id.* ¶ 28.

But as Hillsborough County argues, "[i]t is well established in Florida law that the government does not owe individual citizens a duty to convey accurate information or otherwise maintain accurate records." MTD at 14 (footnote omitted); *see City of Dunedin v. Pirate's Treasure, Inc.*, 255 So. 3d 902, 905 (Fla. 2d DCA 2018) ("The disinclination of Florida courts to attach liability to sovereign entities has even been extended to instances involving the active dissemination of inaccurate information."). For example, in *Lovett v. Forman*, the plaintiff "was wrongfully arrested and incarcerated for over two months," because the court clerk failed to inform the sheriff's office that the trial court set aside the capias that was issued for the plaintiff's arrest. 883 So. 2d 319, 320 (Fla. 4th DCA 2004).

The trial court dismissed the plaintiff's complaint "seeking tort damages against the clerk and the sheriff because of sovereign immunity, holding that there was no duty owed plaintiff which was different from the duty owed the public in general," and the appellate court affirmed on the same basis. *Id.* at 320–21. Similarly, in *Florez v. Broward Sheriff's Office*, the plaintiff was arrested and detained for ten days because the sheriff's office improperly recorded a warrant in its system. 270 So. 3d 417, 419 (Fla. 4th DCA 2019). Because "it is well established that the government does not owe individual citizens a common law duty to convey accurate information or maintain accurate records" and the plaintiff failed to allege that the sheriff's office's negligence "took place in the context of a special duty," the appellate court concluded that the plaintiff "cannot allege a valid cause of action for negligence." *Id.* at 420–21.

Based on these cases, Hillsborough County did not owe Holt a duty under Florida law to "convey accurate information" when applying for a search warrant. *Florez*, 270 So. 3d at 420. As a result, Holt fails to state a negligence claim.

Holt also fails to state a defamation claim. First, as Hillsborough County argues, Holt has a timeliness issue. *See AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982) ("[A] statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under [Federal Rule of Civil Procedure] 12(b)(6) when the complaint shows on its face that the limitations period

8

has run." (citation omitted)). A defamation claim must be brought within two years after its accrual. *See* § 95.031, Fla. Stat. (stating that, except for other instances irrelevant here, "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues"); *id.* § 95.11(5)(h) (listing a two-year statute of limitations for an "action for libel or slander"). "A cause of action for defamation accrues on publication." *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 115 (Fla. 1993); *see* § 770.07, Fla. Stat. In the fourth amended complaint, Holt alleges that, "[o]n or about September 23, 2019," Hillsborough County made false statements about Holt's "unfair treatment/ abuse of dogs." Fourth Am. Compl. ¶ 32. Accordingly, Holt needed to file her action by September 23, 2021. Holt failed to do so, and thus her defamation claim is untimely.

It is true, as Hillsborough County notes, that Holt also alleges that Hillsborough County "published false statements to the news media." *Id.* ¶ 34. There is no indication from the fourth amended complaint as to whether these alleged statements occurred after September 23, 2019. In any case, even if Holt's defamation action was timely, Hillsborough County correctly argues that "the County is absolutely immune from [Holt's] defamation suit." MTD at 16. In Florida, "[p]ublic officials who make statements within the scope of their duties are absolutely immune from suit for defamation." *Stephens v. Geoghegan*, 702 So. 2d 517, 522 (Fla. 2d DCA 1997). "The term 'duties' is not confined to those things

9

required of the officer, but rather extends to all matters which he is authorized to perform." *Cassell v. India*, 964 So. 2d 190, 194 (Fla. 4th DCA 2007).

Although the fourth amended complaint is not clear as to the identity of the speaker, to overcome sovereign immunity, Holt will have to prove that her injuries were "caused by the negligent or wrongful act or omission of an[] employee of [Hillsborough County] while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state." § 768.28(1), Fla. Stat.[4] In other words, as another subsection provides, Hillsborough County is "not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment." *Id.* § 768.28(9)(a). As just discussed, though, if Holt proves that the employee made the statements at issue "within the scope of their duties," *Stephens*, 702 So. 2d at 522, then absolute immunity attaches. In other words, to prove her case is to prove Hillsborough County's immunity.[5]

---

[4] This assumes that an action raising a defamation claim may sometimes qualify as an "[a]ction[] at law . . . to recover damages in tort for money damages . . . for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment." § 768.28(1), Fla. Stat.

[5] A similar dynamic was at play with respect to § 768.28 in *Ford v. Rowland*, 562 So. 2d 731 (Fla. 5th DCA 1990). There, the plaintiff, a public figure, sued the port authority and employees of the port authority, alleging libel among other things. *Id.* at 733. As a public figure, the plaintiff was required to prove actual malice, or in other words that "the employees of the [p]ort [a]uthority published the libel . . . knowing it was false or with reckless disregard for its truth or falsity." *Id.* at 734. The problem for the plaintiff with respect to the port authority was that, under § 768.28(9)(a), the port authority had "sovereign immunity for actions of employees done in bad faith, with malicious purpose, or in willful and wanton

10

Under Florida law, a governmental entity enjoys the common-law immunities of its employees. For example, in *Saxon v. Knowles*, the plaintiff sued both the city manager and the city for defamation. 185 So. 2d 194, 195 (Fla. 4th DCA 1966) (per curiam). Because the city manager's speech was "absolute[ly] privilege[d]" and the "alleged liability of the city [was] based solely on the doctrine of respondeat superior," the court concluded that "[e]xoneration of the city manager necessarily requires the exoneration of his employer." *Id.* at 196. More recent cases make clear that this statement of law remains true in Florida. *See N. Brevard Cnty. Hosp. Dist. v. Deligdish*, No. 5D2023-3173, 2024 WL 5172247, at *2 (Fla. 5th DCA Dec. 20, 2024) (per curiam) ("The law is also clear that when a government employee makes statements within the scope of his duties . . . absolute immunity extends to the agency that he serves."); *Palm Beach Cnty. Health Care Dist. v. Pro. Med. Educ., Inc.*, 13 So. 3d 1090, 1095 (Fla. 4th DCA 2009) ("Because the liability of the District on the defamation count is predicated on its status as Davis's employer, the absolute immunity of Davis 'necessarily requires the exoneration' of the District." (quoting *Saxon*, 185 So. 2d at 196)).

Florida courts have further held that an employee's absolute immunity in this context is not abrogated by § 768.28. *See Quintero v. Diaz*, 300 So. 3d 288, 291 (Fla. 3d DCA 2020) ("We find '[n]othing in the . . . language [of the sovereign immunity statute]

---

disregard of another's rights." *Id.* This meant that the plaintiff could not "establish liability without simultaneously establishing the tort immunity" of the port authority. *Id.*

11

suggests that the legislature intended to abrogate or limit the absolute immunity which the common law provides to public officials who make statements within the scope of their duties.' " (alterations in the original) (quoting *Weeks v. Town of Palm Beach*, 252 So. 3d 258, 261 (Fla. 4th DCA 2018))).

Putting all the pieces together, Holt may hold Hillsborough County liable for the tortious actions of an employee only if Holt proves that the employee acted "within the scope of the employee's office or employment" and if "a private person, would be liable to the claimant, in accordance" with the general laws of Florida. § 768.28(1), Fla. Stat. Yet if Holt proves that the employee acted within the scope of their employment, then the employee is "absolutely immune from suit for defamation." *Stephens*, 702 So. 2d at 522.[6] Section 768.28 did not abrogate this absolute immunity, *see Quintero*, 300 So. 3d at 291, and under Florida law, when a "government employee makes statements within the scope of his duties . . . absolute immunity extends to the agency that he serves," *Deligdish*, 2024 WL 5172247, at *2. Therefore, Hillsborough County is immune from suit for defamation in this case, and Holt's defamation claim must be dismissed with prejudice.

---

[6] Although not dispositive, the speech at issue here is almost assuredly within the employee's duties as defined by the cases concerning absolute immunity. The fourth amended complaint is not specific as to this point, but it appears, as Hillsborough County suggests, that Holt's "defamation claim is wholly premised upon statements the County animal control official made when investigating [Holt] for animal abuse and thereafter applying for a search warrant." MTD at 17. Such statements would clearly come within the official's investigative duties, even if made to the media. *See Stephens*, 702 So. 2d at 523 ("Absolute immunity for public officials faced with accusations of defamation applies when statements are made to media. . . . Law enforcement agencies routinely brief the media on matters of public concern.").

Holt's state law claims fail for another reason. As discussed, § 768.28, Florida Statutes, governs the extent that "the state[] for itself and for its agencies or subdivisions . . . waives sovereign immunity for liability for torts." § 768.28(1), Fla. Stat.[7] With exceptions not relevant here:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, county, or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing.

*Id.* § 768.28(6)(a).[8] "[T]he requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action." *Id.* § 768.28(6)(b); *see Com. Carrier Corp. v. Indian River County*, 371 So. 2d 1010, 1022 (Fla. 1979) ("Compliance with [§ 768.28(6)] is clearly a condition precedent to maintaining a suit."). Section 768.28(6)(a)'s language "is clear and must be strictly construed." *Menendez v. N. Broward Hosp. Dist.*, 537 So. 2d 89, 91 (Fla. 1988). To satisfy § 768.28(6), the plaintiff must provide notice before the suit and the complaint "must contain an allegation of such notice." *Levine v. Dade Cnty. Sch. Bd.*, 442 So. 2d 210, 213 (Fla. 1983); *accord Wagatha v. City of Satellite Beach*, 865 So. 2d 620, 622 (Fla. 5th DCA

---

[7] Again, I assume that Holt's tort claims could be brought under this waiver if Holt complied with § 768.28's requirements. *See supra* n.4.

[8] The statute defines "state agencies or subdivisions" to include "counties and municipalities." § 768.28(2), Fla. Stat.

2004) ("A plaintiff must plead compliance with the statute, although a general averment will suffice.").

Holt's does not allege compliance with § 768.28(6)(a) regarding her negligence and defamation claims. Hillsborough County moves for dismissal on that basis. MTD at 12–13. Ordinarily, "[a] complaint that is brought without first providing statutory notice must be dismissed with leave for plaintiff to amend his complaint to allege compliance with the notice requirement." *Diversified Numismatics, Inc. v. City of Orlando*, 783 F. Supp. 1337, 1347 (M.D. Fla. 1990); *see Com. Carrier Corp.*, 371 So. 2d at 1023 (explaining that "failure of the pleadings [to allege compliance with § 768.28(6)] does not call for dismissal with prejudice[,] . . . the third-party complaint in each case should have been dismissed with leave to amend"); *Albra v. City of Fort Lauderdale*, 232 F. App'x 885, 888 (11th Cir. 2007) (per curiam) (same remedy). In this case, though, Holt does not contest Hillsborough County's assertion that she failed to comply with § 768.28(6)(a)—she does not respond to the motion to dismiss at all. Further, over three years have passed since Holt's claim accrued, meaning that she can longer satisfy § 768.28(6)(a)'s requirements.

Because there is no dispute that Holt failed to comply with § 768.28(6)(a), both state law claims must be dismissed with prejudice. *See Levine*, 442 So. 2d at 213 ("Where the time for such notice has expired so that it is apparent that the plaintiff cannot fulfill the requirement, the trial court has no alternative but to dismiss the complaint with

14

prejudice."); *Perkins v. City of Jacksonville Beach*, No. 3:06-cv-486-J-33MCR, 2007 WL 1796269, at *2 (M.D. Fla. June 21, 2007) ("A complaint is subject to dismissal *with prejudice* if the three-year period has run and the plaintiff has not provided the required pre-suit notice." (emphasis in the original)).

## IV. CONCLUSION

In her fourth amended complaint, Holt again fails to state a claim against Hillsborough County under § 1983. I therefore dismiss with prejudice Holt's sole federal claim. Holt also fails to state claims for negligence and defamation. Even if she did, Holt does not dispute that she failed to comply with § 768.28(6)(a)'s presuit notice requirement, and given the passage of time, Holt is unable to cure this deficiency. Therefore, I dismiss with prejudice Holt's state law claims.

Accordingly, the following is **ORDERED:**

1. The Defendant's Motion to Dismiss (Doc. 54) is **GRANTED**. Counts One, Two, and Three are **DISMISSED WITH PREJUDICE.**

2. The Clerk is directed to **ENTER JUDGMENT** for Hillsborough County and against Holt, which shall read "This case is dismissed with prejudice as to Alice Holt."

3. The Clerk is directed to **CLOSE** the case.

**ORDERED** in Tampa, Florida, on January 21, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge